IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **STORAGECRAFT TECHNOLOGY, a** Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>**PERSISTENT TELECOM SOLUTIONS, INC., a California corporation,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:14-cv-76-DAK-PMW<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is StorageCraft Technology's ("Plaintiff") motion to compel Persistent Telecom Solutions ("Defendant") to de-designate certain materials produced in discovery.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

On July 10, 2014, Judge Kimball entered a Stipulated Protective Order that, in addition to other terms, allowed the parties to designate materials produced in discovery as "Confidential

---

[1] *See* docket no. 79.

[2] *See* docket no. 149.

Attorneys Eyes Only" ("CAEO").[3]  Defendant has since produced over 40,000 documents through discovery and has designated more than 92% of these documents as CAEO.  In contrast, Plaintiff has designated approximately 15% of materials produced in discovery as CAEO.

Any material designated as CAEO can only be disclosed to the receiving party's outside counsel, independent non-party experts, and the court, and may not be disclosed to the receiving party itself or the directors, officers, and employees of the receiving party.  The Stipulated Protective Order limits the use of CAEO designation to the following:

> Materials marked "Confidential Attorneys Eyes Only" qualify as "Confidential" under Paragraph 1.5, the disclosure of which to the adverse party or the directors, officers, and employees of the adverse party, is reasonably believed to cause the producing party or non-party competitive injury through its advertent or inadvertent use, and for which treatment of the information as "Confidential" is insufficient to protect against that competitive injury.

Plaintiff's counsel argues that Defendant's over-designation of pertinent materials as CAEO has hindered their ability to utilize Plaintiff's expertise and knowledge to prepare this case for trial.  Defendant defends its designations on the basis that both parties are competitors in the data storage and recovery market, and that Plaintiff's broad requests for information include information about Defendant's programming and important intellectual property.  Plaintiff seeks an order requiring Defendant to reexamine and de-designate documents produced in discovery that Defendant has designated as CAEO.  Plaintiff specifically requests that paragraphs 71, 72 and 79 of the Webster Report as well as the entirety of Defendant's insurance policy be re-designated to a less restrictive designation.

Plaintiff's motion to compel de-designation[4] is **GRANTED** as discussed below.  Within twenty-one (21) days of the date of this order, Defendant shall produce re-designated or de-

---

[3] *See* docket no. 24.

designated versions of documents previously designated as CAEO.  At that time, Defendant shall also produce a log listing any documents previously designated as CAEO that Defendant has not re-designated or de-designated.  The log shall be in the form of a privilege log, and shall describe each document individually and the specific basis for asserting CAEO status.  The description must be sufficient for Plaintiff's counsel and the court to immediately assess what information gives rise to an assertion of the CAEO designation.

Defendant represented that the existing CAEO designations were made knowingly based on this type of analysis, so the burden on Defendant should be relatively limited.  Further, there is no basis for shifting the burden of document-by-document review to the court or opposing counsel, or for allowing an almost entire "umbrella" designation to curtail opposing counsel's ability to litigate this matter.

After Defendant produces the CAEO log, Plaintiff may review the log and documents.  If Plaintiff continues to believe in good faith that Defendant is significantly over designating documents as CAEO, Plaintiff may bring a new motion.  In conjunction with that motion, Plaintiff must submit for *in camera* review a sample set of documents that Plaintiff believes are improperly designated as CAEO.  At that time, the court will also issue an order requiring submission of a randomized sample of CAEO-designated documents by Defendant for *in camera* review.  If the court determines based on the samples that Defendant continues to unreasonably overuse the CAEO designation, the court will impose appropriate sanctions, which may include, among others:  (1) stripping the CAEO designation from all of Defendant's documents; (2) monetary sanctions against Defendant' counsel; and/or (3) stripping confidential designations from all of Defendant's documents.

---

[4] *See* docket no. 149.

In addition, Plaintiff's motion to compel re-designation of paragraphs 71, 72, and 79 of the Webster Report and the entirety of Defendant's insurance policy is **GRANTED**. Defendant has failed to adequately show a *reasonable belief* that disclosure of these disputed materials to Plaintiff would cause competitive injury, and that a "Confidential" designation is inadequate protection, as required by the Stipulated Protective Order. The fact that parties are direct competitors in this market is insufficient to warrant a CAEO level of protection. Defendant shall re-designate these documents to a less restrictive designation under the Stipulated Protective Order within ten (10) days of the date of this order.

Moreover, because this court concludes that Defendant's blanket CAEO designation was not substantially justified, Defendant is hereby ordered to pay Plaintiff's reasonable expenses incurred in making the motion, including attorney's fees. Accordingly, within fourteen (14) days of the date of this order, Plaintiff shall submit a cost memorandum detailing the costs and fees incurred in bringing this motion. Upon the filing of Plaintiff's cost memorandum, Defendant may file a response to it within seven (7) days. Based on the parties' submissions, the court will then determine an appropriate and reasonable sanction award.

**IT IS SO ORDERED.**

Dated this 5th day of October, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge