IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STORAGECRAFT TECHNOLOGY CORPORATION, a Utah corporation, | MEMORANDUM DECISION AND ORDER |
| Plaintiff/Counterclaim Defendant, | |
| vs. | |
| PERSISTENT TELECOM SOLUTIONS, INC., a Delaware corporation, | Case No.  2:14-CV-76-DAK Judge Dale A. Kimball |
| Defendant/Counterclaim Plaintiff. | |

This matter is before the court on the Defendant Persistent Telecom Solutions, Inc.'s ("Persistent's") Objection pursuant to Rule 72(a) of the Federal Rules of Civil Procedure to the Memorandum Decision and Order dated October 5, 2016, issued by Magistrate Judge Paul M. Warner. The objection has been fully briefed. The court concludes that a hearing would not significantly aid its determination of the motion. Accordingly, the court issues the following Memorandum Decision and Order based on the written submissions of the parties and the law and facts relevant to the pending motion.

BACKGROUND

On February 4, 2014, Plaintiff StorageCraft Technology Corporation ("StorageCraft") filed a Complaint alleging that Persistent was engaging in copyright infringement, contributory copyright infringement, violations of Utah's Unfair Competition Act, conversion, breach of contract, and intentional interference with contractual relations. On July 2, 2014, StorageCraft filed a Stipulated Motion for Protective Order, which the court granted in an order on July 10, 2014. The Stipulated Protective Order allowed the parties to, among other things, designate materials produced in discovery as "Confidential Attorneys Eyes Only" ("CAEO").

On July 18, 2016, StorageCraft filed a Motion to Compel Defendant to De-Designate Materials. On October 6, 2016, Magistrate Judge Paul M. Warner issued a Memorandum Decision and Order granting StorageCraft's Motion to Compel Defendant to De-Designate Materials. In addition to ordering Persistent to re-designate specific materials, which Persistent has already complied with, Magistrate Judge Warner's decision orders Persistent to reexamine its entire CAEO production, to "produce re-designated or de-designated versions of documents previously designated as CAEO," and to "produce a log listing any documents previously designated as CAEO that [Persistent] has not re-designated or de-designated." Mem. Decision and Order, at 2-3, Oct. 5, 2016, ECF No. 206. Magistrate Judge Warner's decision also ordered Persistent to pay StorageCraft's "reasonable expenses incurred in making the motion, including attorney's fees." *Id.* at 4.

On October 19, 2016, Persistent filed an Objection to Magistrate Judge Warner's Memorandum Decision and Order. Persistent specifically objected to the portions of Magistrate Judge Warner's Memorandum Decision and Order requiring Persistent to reexamine its entire CAEO production and requiring Persistent to pay StorageCraft's reasonable expenses. StorageCraft filed a response to Persistent's objection, Persistent filed a reply.

## DISCUSSION

Persistent objects to Magistrate Judge Warner's decision because Persistent argues that the large burden required to reexamine all of its CAEO production is not justified by the evidence presented to support the reexamination. Persistent also argues that the award of attorneys' fees was not proper because Persistent engaged in a good faith effort to designate each of its documents and has consistently worked in good faith with StorageCraft. StorageCraft argues that Persistent has not shown that Magistrate Judge Warner abused his discretion in

requiring Persistent to reexamine its document production or that Magistrate Judge Warner's award of attorneys' fees was clearly erroneous or contract to law. The court will address the merits of Persistent's objections.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), a district court is required to "consider timely objections [to a nondispositive order from a magistrate judge] and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). Under Rule 72, a district court is "required to 'defer to the magistrate judge's ruling unless it [is] clearly erroneous or contrary to law.'" *Allen v. Sybase, Inc.*, 468 F.3d 642, 658–59 (10th Cir. 2006) (quoting *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997)). The "clearly erroneous" standard under Rule 72(a) "applies to factual findings." *Brigham Young Univ. v. Pfizer, Inc.*, No. 2:06-CV-890-TS-BCW, 2010 WL 3855347, at *2 (D. Utah Sept. 29, 2010). In order for a district court to overturn a magistrate judge's decision as clearly erroneous, the court must be left with a "definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "Under the 'contrary to law' standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard." *Williams v. Vail Resorts Dev. Co.*, No. 02-CV-16-J, 2003 WL 25768656, at *2 (D. Wyo. Nov. 14, 2003) (citation omitted). "In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by a district judge." *Id.* (citations omitted).

### REEXAMINATION OF PERSISTENT'S CAEO PRODUCTION

In objecting to Magistrate Judge Warner's decision to require Persistent to reexamine its entire CAEO production, Persistent does not appear to be objecting to any of Magistrate Judge Warner's factual findings. Instead, Persistent appears to be objecting to the legal standard that Magistrate Judge Warner applied. Therefore, the court should set aside Magistrate Judge Warner's order only if it applied an incorrect legal standard.

The court concludes that Magistrate Judge Warner did not apply an incorrect legal standard by requiring Persistent to reexamine its entire CAEO production due to the high percentage of documents that were designated as CAEO. In general, courts have recognized that "[i]mplicit in the protective order and its provision for designating documents as 'confidential' or [CAEO] is a requirement of good faith." *Paradigm All., Inc. v. Celeritas Techs., LLC*, 248 F.R.D. 598, 605 (D. Kan. 2008). "The duty of good faith in the protective order is a duty to review the documents in good faith *before* designating them as [CAEO]." *Id.* This requirement of good faith is especially significant when a party is seeking to designate materials using the highly restrictive CAEO designation because "the indiscriminate use of [a CAEO] designation poses 'a significant handicap on the restricted litigant' because '[d]iscovery, trial preparation, and trial are made more difficult and expensive if an attorney cannot make complete disclosure of the facts to the litigant.'" *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2015 WL 4430955, at *6 (S.D. Fla. July 20, 2015) (quoting *Arvco Container Corp. v. Weyerhaeuser,* No. 1:08–CV–548, 2009 WL 311125, at *6 (W.D.Mich. Feb. 9, 2009)). "Although federal courts do not seem to have established a specific bright line test to determine when a party's designation of discovery as [CAEO] in excess of a certain percentage is deemed presumptively improper,"

courts have condemned parties who have designated 79% or more of their discovery as CAEO. *Id.* at *7 (condemning the designation of 95% of discovery as the equivalent of CAEO); *see also Healthtrio, LLC v. Aetna, Inc.*, No. 12-CV-03229-REB-MJW, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014) (finding that "90% is an absurd number" in reference to the designation of discovery as the equivalent of CAEO); *THK Am., Inc. v. NSK Co. Ltd.*, 157 F.R.D. 637, 645 (N.D. Ill. 1993) (finding that the designation of 79% of discovery as the equivalent of CAEO was "absurdly high").

In this case, Magistrate Judge Warner found that "more than 92%" of the "over 40,000" documents produced by Persistent through discovery had been designated as CAEO. Mem. Decision and Order, at 2, Oct. 5, 2016, ECF No. 206. As shown above, Magistrate Judge Warner's decision that designating 92% of discovery as CAEO is improper is consistent with the current legal standard.

In addition to correctly applying the current legal standard to find that the high percentage of designation of discovery as CAEO in this case is improper, Magistrate Judge Warner also applied the correct legal standard when deciding on the appropriate remedy for the excessive designation. When courts find that a party has overused a designation in a protective order, courts frequently require that party to reexamine and re-designate its production, and some courts also require the party to produce a log justifying its designations. *See, e.g.*, *Healthtrio, LLC v. Aetna, Inc.*, No. 12-CV-03229-REB-MJW, 2014 WL 6886923, at *5 (D. Colo. Dec. 5, 2014) (requiring the parties to "re-review their production of documents . . . for purposes of re-designating each page's level of restriction under the [protective order]"); *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2015 WL 4430955, at *6 (S.D. Fla. July 20, 2015) (allowing affected party to "use all the documents designated . . . as highly confidential, subject to [other

party's] good faith re-designation, on a specific, document-by-document basis"); *Paradigm All., Inc. v. Celeritas Techs., LLC*, 248 F.R.D. 598, 605 (D. Kan. 2008) (requiring party to produce "a log explaining its justification for designating a document as [CAEO]").

Therefore, the court denies Persistent's objection to Magistrate Judge Warner's decision to require Persistent to reexamine its entire CAEO production due to the high percentage of documents that were designated as CAEO.

## REASONABLE EXPENSES AND ATTORNEY'S FEES

"[M]agistrates have the authority to impose [attorney's] fees as non-dispositive discovery sanctions," and a district court should use "the standard of clearly erroneous or contrary to law . . . to review those fees." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1988). Federal Rule of Civil Procedure 37 provides that, if a motion for an order compelling disclosure or discovery is granted, a court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Rule 37 also provides that "the court must not order this payment if . . . (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

In his Memorandum Decision and Order, Magistrate Judge Warner concluded that Persistent's "blanket CAEO designation was not substantially justified," and, therefore, he ordered Persistent to pay StorageCraft's "reasonable expenses incurred in making the motion, including attorney's fees." Mem. Decision and Order, at 4, Oct. 5, 2016, ECF No. 206. Persistent objects to that decision because it believes Magistrate Judge Warner incorrectly ordered Persistent to reexamine its entire CAEO production and because it acted in good faith.

The court concludes that Magistrate Judge Warner's decision to order Persistent to pay StorageCraft's reasonable expenses in bringing its motion was not clearly erroneous or contrary to law. As discussed above, Magistrate Judge Warner correctly applied the current law to determine that designating 92% of discovery as CAEO was improper. Using the same reasoning, Magistrate Judge Warner concluded that Persistent was not substantially justified in designating 92% of its discovery as CAEO. Because he granted StorageCraft's motion and concluded that Persistent's actions were not substantially justified, Magistrate Judge Warner was required by Rule 37 to order Persistent to pay StorageCraft's reasonable expenses, including attorney's fees, in bringing the motion. Therefore, the court denies Persistent's objection to Magistrate Judge Warner's decision to award reasonable expenses to StorageCraft.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Persistent's Objection pursuant to Rule 72(a) of the Federal Rules of Civil Procedure to the Memorandum Decision and Order dated October 5, 2016 is DENIED. The court does not consider any part of Magistrate Judge Warner's order to be clearly erroneous or contrary to law and affirms his rulings in the order. After filing its objections, Persistent filed a Motion to Stay Magistrate Judge Warner's order pending a review of the objections by the court. The court DENIES the Motion to Stay as moot. The court orders Persistent to comply with Magistrate Judge Warner's Memorandum Decision and Order within 21 days of the date of this order.

DATED this 29th day of November, 2016.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge